**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

JUL 3 2024

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERIC JOSEPH FLOYD, also named as: Eric J Floyd, | No. 22-16011 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-02222-JJT-JFM |
| v. | |
| MACKENZIE, Correctional Officer (CO II) at Barchey Unit, Lewis Complex, aka per Doc 21 also known as Unknown McKenzie; FAGA, Unknown; Correctional Officer (CO II) at Barchey Unit, Lewis Complex; DAISY AKINWALE, Nurse at Barchey Unit, Lewis Complex; TRICIA PITTS, Nurse at Barchey Unit, Lewis Complex; BROGDEN, Unknown Graveyard Sgt. at Barchey Unit, Lewis Complex; CONN, Unknown Day Shift Sgt. at Barchey Unit, Lewis Complex, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted July 3, 2024[**]

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

Arizona state prisoner Eric Joseph Floyd appeals pro se the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that appellants violated his Eighth Amendment rights in connection with the use of leg restraints while escorting him to obtain medical treatment. We affirm.

The district court properly granted summary judgment on Floyd's claim against correctional officer MacKenzie because Floyd failed to raise a genuine dispute of material fact as to whether MacKenzie was deliberately indifferent to Floyd's safety when she utilized leg shackling restraints when walking Floyd to the medical unit for treatment of his asthma. *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996) (granting summary judgment when shackling did not cause injury or discomfort beyond that inherent from movement in restraints).

We do not consider arguments raised for the first time on appeal, including Floyd's contention that the district court should have requested additional medical records. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir 1999). Nor do we consider issues not specifically raised and argued in the opening brief. *See id.*

**AFFIRMED.**